## H. H. Evans et al., v. Illinois Surety Company, Appellee.
## In re appeal of P. J. Lucey, Attorney General, Appellant.

### Gen. No. 22,559.   (Not to be reported in full.)

Interlocutory appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court. Affirmed. Opinion filed October 30, 1916.

### Statement of the Case.

Bill in chancery by H. H. Evans *et al.*, complainants, against the Illinois Surety Company, defendant, for the dissolution of an insurance company under the Act of 1874, sec. 2 (J. & A. ¶ 6682), relating to such dissolutions. From an interlocutory order appointing a receiver, Patrick J. Lucey, attorney general, appeals.

P. J. LUCEY and RYAN, CONDON & LIVINGSTON, for appellant.

H. C. DAVIS, SHEPARD, McCORMICK, THOMASON, KIRKLAND & PATTERSON, for appellee.

A. J. HOPKINS, for H. H. Evans *et al.*

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 270*—*what orders not appealable.* An order permitting the attorney general to become a party to a bill for the dissolution of an insurance company, brought under the Act of 1874, sec. 2 (J. & A. ¶ 6682), relating to such dissolutions, is not an appealable order under the Practice Act, sec. 123 (J. & A.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

¶ 8661), relating to appeals from interlocutory orders and decrees, the appeals permitted under this section being strictly statutory, and orders as to parties, and the like, being reviewable only on final decree.

2. CORPORATIONS—*when notice to intervener in dissolution proceedings of application for appointment of receiver unnecessary.* In a bill to dissolve an insurance company under the Act of 1874, sec. 2 (J. & A. ¶ 6682), relating to such dissolutions, where by order of the court the attorney general appears and files an intervening petition and answer to the bill, an order appointing a receiver will not be reversed merely because no notice of the application for such appointment was given to the intervener where both the petition and answer of the intervener admit the necessity of such appointment, merely questioning the propriety of the particular appointment made, and where it does not appear that the intervener was a necessary party.

3. CORPORATIONS, § 643*—*when appointment of receiver not subject for review.* The personnel of a receiver is not a proper subject for review, under the Practice Act, sec. 123 (J. & A. ¶ 8661), from the interlocutory order appointing such receiver, an objection to the particular receiver appointed being an argument for the removal of the present receiver and for the substitution of another, which is a matter within the discretion of the chancellor and not within the purview of the Appellate Court.