H. H. Evans et al., Illinois Surety Company and James S. Hopkins, Receiver of Illinois Surety Company, Appellants, v. Rufus M. Potts, Superintendent of Insurance of State of Illinois, Appellee.

### Gen. No. 22,664.

APPEAL AND ERROR, § 275*—*when interlocutory order is not appealable.* The right to an appeal is strictly statutory, and an interlocutory order granting the prayer of the State Superintendent of Insurance to intervene in a suit by the stockholders of an insurance company to enjoin the company from further prosecuting its business, the appointment of a receiver, etc., is not appealable, either under section 123, ch. 110, Hurd's Rev. St. (J. & A. ¶ 8661),

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

relating to appeals from interlocutory orders concerning injunctions and receivers, or any other statute, and an appeal from such order should, on motion, be dismissed.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Appeal dismissed. Opinion filed February 19, 1917.

A. J. HOPKINS, SHEPARD MCCORMICK, THOMASON, KIRKLAND & PATTERSON and H. C. DAVIS, for appellants.

P. J. LUCEY and RYAN, CONDON & LIVINGSTON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Complainants filed a bill as stockholders of the Illinois Surety Company to enjoin it from further prosecuting its business, asking for the appointment of a receiver, the winding up of its affairs, etc. After certain proceedings had been had and an order entered appointing James S. Hopkins receiver of the Surety Company, Rufus M. Potts, as Superintendent of Insurance of the State of Illinois, filed an intervening petition in which, *inter alia*, he prayed to be admitted as a party defendant in the cause, setting forth that he is vitally interested in the proceedings and that he ought to be permitted to be a party defendant thereto so as to protect the trust funds held by the Surety Company for the protection of its policy holders, creditors and the public, and charging that the parties to the bill and their counsel had fraudulently entered into prearrangements to have one of their number appointed receiver without giving the insurance superintendent or any other public officer or any creditor notice of the proceedings; that by reason thereof the State, policy holders and creditors have had no opportunity afforded them of protecting themselves, and

that as a result their interests have not been protected.

Upon a hearing of this intervening petition the chancellor granted its prayer and permitted Potts, as superintendent of insurance, to file his petition and to become a party defendant, and ruled all the parties to plead, answer or demur to such intervening petition within forty days. From this order complainants prayed, were allowed and have perfected this appeal.

This case was lately before the court on an appeal from an interlocutory order appointing a receiver for the Illinois Surety Company. This appeal was by the Attorney General. The Attorney General had been admitted as a defendant into the case by intervening petition in the same way as was here appellee Potts, superintendent of insurance. While this court reviewed and affirmed the decision of the chancellor in appointing a receiver, we refused to review the order also embraced in the appeal allowing the Attorney General to become a party defendant. This was done upon the theory that the order allowing the Attorney General to become a party defendant was interlocutory and not appealable. Such is the nature of the order now before us allowing the superintendent of insurance to become a party defendant.

There is no provision in our statutes for such an appeal. See the opinion of Mr. Presiding Justice McSurely in the *Appeal of the Attorney General* case, 201 Ill. App. 578.

The right to an appeal is strictly statutory and the order appealed from being an interlocutory order, however desirable it might be to determine at the threshold of the case the right of the superintendent of insurance to become a party defendant, the statute will not permit the court to review such an interlocutory order.

This order does not come within the statute allowing interlocutory appeals, which is limited to "grant-

ing an injunction, or overruling a motion to dissolve the same, or enlarging the scope of an injunction order, or appointing a receiver, or giving other or further powers or property to a receiver already appointed." Section 123, ch. 110, Hurd's Rev. St. (J. & A. ¶ 8661).

Appellee filed a motion to dismiss the appeal on the ground that the order appealed from is not final but interlocutory, and therefore not reviewable at this time in this way, which motion was reserved to the hearing of the cause. This motion must be allowed. This is not the time to review the order appealed from. Whenever the cause reaches the stage where a final appealable order is entered, then the right of the court to permit the intervening petitioner to become a party defendant will be open to review as well as all subsequent orders affecting the status of the intervener defendant. It will therefore be the part of wisdom to proceed cautiously in any attempt which may be made to divert the funds or assets of the Surety Company into the hands of the intervener defendant, for should such action of the court be subsequently deemed improvident and without jurisdictional right, the receiver paying and the defendant receiving any such funds or assets may upon review be compelled to restore such diverted funds or assets to the Surety Company.

The motion to dismiss is allowed and the appeal is dismissed.

*Appeal dismissed.*